IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RODNEY PURVIS,                    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )     1:09CV657
                                  )
COUNTRYWIDE HOME LOANS, INC.,     )
                                  )
            Defendant.            )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant's Motion to Dismiss (Docket Entry 8). (See Docket Entry dated Nov. 20, 2009.) For the reasons that follow, the Court should grant the instant motion.

BACKGROUND

This action commenced when Plaintiff filed a pro se "Bill at Law: 'Complaint'" in the North Carolina Superior Court in Forsyth County. (Docket Entry 2.)[1] In said filing, Plaintiff proposed to state a claim against Defendant for "Unlawful Alteration of Contract." (Id. at 3.)[2] As to this claim, it appears that Plaintiff sought a judicial declaration barring Defendant from taking action regarding a credit obligation Plaintiff had incurred.

---

[1] It appears that Plaintiff filed a "Summons" along with the "Bill at Law: 'Complaint'" in state court and that, when the Clerk's Office for this Court docketed those items upon removal, the "Summons" inadvertently was inserted between the first and second pages of the "Bill at Law: 'Complaint.'" (See Docket Entry 2 at 1-3.)

[2] At various points in his filings, Plaintiff refers to "Defendants" (plural), but at no time does he identify any defendant other than the one listed in the case caption. (See Docket Entries 2, 2-2, 3, 11.)

(See id. at 4.)  The legal basis for Plaintiff's action is (to put it mildly) unclear; however, the "Bill at Law: 'Complaint'" does contain some vague references to the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq., and the United States Constitution.  (See Docket Entry 2 at 1-3.)  Defendant removed the action to this Court based on diversity and federal question jurisdiction.  (Docket Entry 1 at 2-3.)

Even when viewed through the forgiving lens of liberal construction, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (reiterating that "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal citations and quotation marks omitted)), Plaintiff's "Bill at Law: 'Complaint'" lacks any comprehensible factual allegations.  (See Docket Entry 2 at 1-4.)  For example, Plaintiff alleges that:

1) Defendant "failed to disclose all.  Namely the demand deposit made as a direct result of the Plaintiff [sic] execution of the wet ink."  (Id. at 3.)

2) "It is well-settled that there was at no time constitutional dollars issued in parity with any of the transaction [sic] connected to the alleged loans."  (Id.)

3) Defendant "altered the contract (note) voiding the enforcement of any remedy it may have had prior to such alteration whereby Plaintiff demands to inspect the original note as well as the check issued to the closing attorney."  (Id.)

4) Defendant "issu[ed] credit which was unconstitutional at best." (Id.)

5) Defendant "failed to disclose a material fact concerning the demand deposit of the note (pledge) which causes the Plaintiff to be the true lender in the transaction." (Id.)

6) Defendant "is believed to have used a common practice which was used by the Goldsmiths who keep the coins on deposit in their warehouses, thus creating money out of thin air against Article I section 10 of the United States Constitution at large." (Id.)

7) Defendant has "received credits without disclosure and notice from the note, and [Defendant] refuse[d] to share these credits with [P]laintiff under any circumstances whatsoever." (Id. at 3-4.)[3]

Following removal, Defendant filed the instant motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") with a supporting brief. (Docket Entries 8, 9.) In its brief, Defendant emphasized the incomprehensible nature of Plaintiff's allegations and the fact

---

[3] In conjunction with his "Bill at Law: 'Complaint,'" Plaintiff also filed in the state court a "Memorandum in Support of Verified Complaint for Judicial Review of Bill in Equity." (Docket Entry 2-2.) Said memorandum gives some indications that Plaintiff took out a mortgage loan from Defendant. (Id. at 1.) In other respects, said memorandum largely suffers from the same incomprehensibility as does the "Bill at Law: 'Complaint.'" (See id. at 1-10.) For example, said memorandum includes a lengthy discussion of alleged excerpts from Federal Reserve publications and early 20th Century court decisions to suggest that banks create "new money" and cannot lend their "credit" (but rather only their "money"). (See id. at 2-6.) It also features a series of purported definitions from Black's Law Dictionary designed to establish the principle that, during the underlying loan transaction, Plaintiff and Defendant became "equally indebted" to each other, such that Plaintiff could claim a "set-off" for any amount Defendant sought from him. (See id. at 7-10.)

that other courts have dismissed similar (and, in some cases, identical) complaints as frivolous. (See Docket Entry 9 at 4-7.)

Plaintiff filed a response in which he alleged that Defendant "failed to fully answer the initial pleadings as required by . . . Fed. R. Civ. Proc. Rule 8(d) . . . ." (Docket Entry 11 at 1.) As a result, Plaintiff asserted that Defendant effectively conceded that it "violate[d] federal law regarding lending practices." (Id.) Alternatively, Plaintiff stated that he "believes that through the discovery process the truth of the matter will be evident with discovery items." (Id.) Further, Plaintiff objected to the Court's consideration of other courts' treatment of similar actions: "The court must find that regardless of what's gone on before, the plaintiff deserves his day in court . . . because [Defendant engaged in] texted [sic] book banking that are [sic] deceptive and fails regarding: 1. Mutual assent, 2. Failure in consideration, 3. Breach of fudiciary [sic] responsibility regarding documents, and 4. Contract of overbearing adhesion that fails the plaintiff." (Id. at 2.)

## DISCUSSION

Under Rule 12(b)(6), a complaint falls short if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short

of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[4]

As the description of the "Bill at Law: 'Complaint'" set out above in the Background section reveals, Plaintiff has failed to state a claim under the foregoing standard. Indeed, as Defendant accurately observes: "Nowhere in the Complaint does Plaintiff intelligibly identify (1) any specific legal duty, contractual, statutory, or otherwise, that [Defendant] may have owed Plaintiff; (2) how [Defendant] might have violated any such duty; or (3) any particular statement or omission by [Defendant] that could be construed as false or misleading." (Docket Entry 9 at 4-5.)

---

[4] "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Moreover, although the Supreme Court has reiterated the importance of affording pro se litigants the benefit of liberal construction, Erickson, 551 U.S. at 94 (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)).

Moreover, notwithstanding Plaintiff's objection, the Court finds persuasive the analysis of other courts which have demonstrated the patent deficiency of identical complaints. See, e.g., Mother: Vertis-Mae v. Argent Mortg. Co. LLC, No. 1:07-CV-2469-TWT, 2008 WL 1995363 (N.D. Ga. May 5, 2008) (unpublished) (describing complaint with allegations exactly matching Plaintiff's as "incoherent nonsense" and adopting recommendation of dismissal); Edwards v. Citimortgage, Inc., No. 1:07-CV-2373-WSD, 2008 WL 905992 (N.D. Ga. Mar. 31, 2008) (unpublished) (adopting dismissal recommendation as to complaint identical to this one and observing that "Plaintiff's allegations, to the extent they can be understood, consist of entirely indecipherable conclusory and speculative statements").

At most, Plaintiff has presented a text-book "the-defendant-unlawfully-harmed-me accusation" of the type the United States Supreme Court has ruled insufficient under Rule 12(b)(6). See Iqbal, 129 S. Ct. at 1949. Accordingly, contrary to Plaintiff's suggestion, he cannot avoid dismissal by citing his belief that discovery will reveal a basis for relief. See id. at 1950 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").[5]

---

[5] Plaintiff's suggestion that Defendant admitted violations of federal lending laws by filing the instant motion rather than an answer under Federal Rule of Civil Procedure 8 lacks merit. See Fed. R. Civ. P. 12(a)(4) (providing that, upon defendant's filing of motion to dismiss for failure to state a claim, deadline for filing answer tolls pending court's ruling on motion).

## CONCLUSION

The allegations in Plaintiff's "Bill at Law: 'Complaint'" are largely indecipherable and entirely insufficient to state a claim within the meaning of Rule 12(b)(6).

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 8) be **GRANTED**.

                                      /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                               **United States Magistrate Judge**

September 1, 2010